OPINION
On June 14, 2000, appellants, Merle and Marlene Mago, filed a complaint against appellees, Neil Stevens, Quality Care Construction, Inc. and St. Timothy Bible Way Church, Inc., alleging trespass against real property and damage to personal property. Appellants claimed appellees placed various construction rubble and other items on their property from an adjacent construction site.
A bench trial commenced on September 12, 2000. By judgment entry filed September 19, 2000, the trial court found in favor of appellees.
On August 2, 2001, appellants filed a motion for relief from judgment pursuant to Civ.R. 60(B)(2). A hearing was held on September 8, 2001. By judgment entry filed September 26, 2001, the trial court denied said motion.
Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THAT THE TRIAL COURT ERRED IN DETERMINING THAT THE EVIDENCE THAT THE PLAINTIFFS-APPELLANTS PRESENTED PURSUANT TO OHIO RULES OF CIVIL PROCEDURE, RULE 60(B)(2) WAS NOT DULY DISCOVERED EVIDENCE WHICH COULD HAVE BEEN DISCOVERED BY DUE DILIGENCE IN TIME TO MOVE FOR A NEW TRIAL.
 I
Appellants claim the trial court erred in denying their motion for relief from judgment pursuant to Civ.R. 60(B)(2). We disagree.
A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. In GTE Automatic Electric Inc.v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held the following:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
Appellant based its Civ.R. 60(B) motion on "newly discovered evidence, which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B)." Civ.R. 60(B)(2). The "newly discovered evidence" came about as a result of an excavation on appellants' property in the summer of 2001. In its judgment entry of September 26, 2001, the trial court agreed with appellees' contention that the newly discovered evidence "was at all times available to Plaintiffs since 1997 upon `reasonable inspection or investigation.'" The trial court concluded "the excavated items are not newly discovered evidence for the purposes of" Civ.R. 60(B)(2).
Appellants' complaint alleged that appellees trespassed on their property and "unlawfully dumped debris and demolition material" on their property, "bulldozed and destroyed and/or removed topsoil," and "destroyed concrete forms stored" on their property and "property stakes which had been placed by a surveyor."
After a bench trial, the trial court found the following:
 Based on the evidence presented, the Court is unable to find that the Plaintiffs have established by a preponderance of the evidence that debris, concrete, junk and other items were pushed from the property located on Hamilton Avenue N.E. onto the Plaintiffs' property at 2618 7th Street N.E.
 See, Judgment Entry filed September 19, 2000 at Conclusion No. 3.[1]
Appellants conceded at oral argument that photographs from the Canton Health Department that were found after the date of judgment could not have qualified as newly discovered evidence because it existed prior to the filing of the original complaint.
Prior to discovering the health department photos and after the judgment entry of the trial court on the merits, appellants on June 27, 2001 excavated their property and found items that "could have only come from the residence at 620 Hamilton Avenue NE, Canton, Ohio." See, Appellants' Civ.R. 60(B)(2) Motion filed August 2, 2001 and Affidavit of Paul Mossor. It is appellants' argument the excavation unearthed proof of the trespass and it was only discovered some ten months after the trial of the matter. No proof was alleged as to who caused the items to be buried on appellants' property, only that the proof of their claims had now been found.
The gravamen of the Civ.R. 60(B)(2) motion is whether these facts support a claim of lack of due diligence in pursuit of the original trial. We concur with the trial court's decision that appellants cannot now be permitted to have a second bite of the apple. The ability to unearth the questioned area and compare them to existing Canton Health Department photographs and discover the similarities between the uncovered items and items from the Hamilton Avenue property was available to appellants at the filing of the complaint, during trial and within fourteen days of the judgment entry of the trial court [Civ.R. 59(B)].
Upon review, we cannot find any abuse of discretion on the part of the trial court in finding a lack of due diligence.
The sole assignment of error is denied.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Canton Municipal Court of Stark County, Ohio is affirmed.
Hon. Julie A. Edwards, P.J. Hon. W. Scott Gwin, J. Hon. Sheila G. Farmer, J. concur.
[1] An appeal was taken from this judgment, but it was voluntarily dismissed on February 9, 2001.